748 So.2d 1205 (1999)
STATE of Louisiana
v.
Bruce O. CALWAY.
No. 98-KA-2061.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1999.
*1206 Charles E.F. Heuer, Assistant District Attorney of Orleans Parish, New Orleans, La., Counsel for Plaintiff/Appellee.
Yvonne Chalker, Louisiana Appellate Project, New Orleans, La., Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge ROBERT A. KATZ.
KATZ, Judge.

STATEMENT OF THE CASE
On December 23, 1997, the defendant, Bruce O. Calway, was charged by bill of information with possession with the intent to distribute cocaine in violation of La. R.S. 40:967. The defendant entered a plea of not guilty at his arraignment on January 6, 1998. A preliminary hearing and a suppression hearing were held on February 13, 1998. The trial court found probable cause and denied the defendant's Motion to Suppress Evidence. After a jury trial on April 14, 1998, the defendant was found guilty as charged. The State subsequently filed a multiple bill of information. A multiple bill and sentencing hearing was held on April 30, 1998. The defendant was adjudicated a second felony offender and sentenced to serve sixty years at hard labor without benefit of probation, parole or suspension of sentence. The trial court denied the defendant's motion to reconsider sentence. Defendant's motion for appeal was granted and a return date was set.

STATEMENT OF THE FACTS
On June 24, 1997, New Orleans Police Detectives Gilliard and Rousseve were assigned to the Fifth District as narcotics detectives. They were en route to the district station with a narcotics violator when they noticed the defendant and another subject, later identified as Leo Howard, engaged in an apparent narcotics transaction in the twenty one hundred block of Mazant Street. Detective Gilliard was transporting the narcotics violator in his vehicle, and Detective Rousseve was following behind in his vehicle. The defendant and the other subject were observed by the officers standing in front of a residence at 2109 Mazant Street. Detective Gilliard testified that he and his partner had made numerous arrests at that location. The officer stated that he saw the *1207 defendant extend his right hand to Mr. Howard as Mr. Howard looked at the objects in the defendant's hand. Mr. Howard removed one of the objects from the defendant's hand. Howard then looked up and saw the police officers. Howard spoke to the defendant, and both men turned in the officers' direction. The defendant and Howard looked panic-stricken and discarded the white objects they had in their hands. Detective Gilliard advised Detective Rousseve to stop Mr. Howard who was still standing behind a parked vehicle. Detective Rousseve then advised the defendant to approach Detective Gilliard's vehicle. At that time, the defendant nervously looked around, turned and ran into the backyard of 2109 Mazant Street. Detective Gilliard pursued the defendant and apprehended him in the backyard of 2109 Mazant Street. Detective Gilliard handcuffed the defendant and advised him that he was under investigation for narcotics violations. When Detective Gilliard returned to the scene, both subjects were secured in Detective Rousseve's vehicle. The officers then went to the area where they had seen the subjects drop the alleged contraband. Detective Rousseau recovered four pieces of white compressed powder which the officers believed to be crack cocaine. The defendant and Howard were both placed under arrest. During a search incident to the defendant's arrest, the officers found a plastic bag containing nineteen pieces of crack cocaine in the defendant's pants' pocket. Each rock was individually wrapped in clear plastic. The officers also retrieved three small blue Ziploc bags of marijuana.
Officer Theresa Lamb, a criminalist with the New Orleans Police Department Crime Lab, testified that the rocks of compressed white powder taken from the defendant tested positive for cocaine.
The defendant, Bruce Calway, denied possessing any cocaine on June 24, 1997. He testified that he and Leo Howard were working on the defendant's vehicle. The defendant was on his way to his mother's house to get the tools he needed to work on the car when Officer Gilliard jumped him in the backyard of 2109 Mazant Street. The defendant testified that he heard someone say "shoot him" immediately before Officer Gilliard apprehended him. The defendant acknowledged that he had previously used crack cocaine in the early 1990's but stated he no longer used cocaine. The defendant admitted convictions for theft in 1976 and 1990, burglary in 1977, possession of narcotics paraphernalia in 1991, possession of cocaine in 1993 and possession of marijuana in 1997.

Errors Patent
A review of the record reveals an error in the defendant's sentencing. After adjudicating the defendant a second felony offender, the trial court sentenced the defendant to serve sixty years at hard labor without benefit of probation, parole or suspension of sentence. However, while La. R.S. 15:529.1 prohibits probation or suspension of sentence, it does not prohibit the benefit of parole. Further, La. R.S. 40:967(B)(4)(b) prohibits parole, probation or suspension of sentence for the first five years of a sentence imposed on a person convicted of possession with the intent to distribute cocaine. Thus, the trial court imposed an illegally excessive sentence when it stated that the entire sentence was to be served without benefit of parole. Defendant's sentence is therefore amended to provide that the first five years of the sentence is to be served without benefit of parole.
No other errors were found.

Assignments of Error Nos. 1 and 2
In these two assignments, the defendant complains that the evidence was not sufficient to support his conviction for possession with the intent to distribute cocaine. The defendant argues that the trial court should not have allowed Detective Gilliard testify as to the seizure of the cocaine since it was Detective Rousseve who recovered the cocaine at the scene and from the defendant. The defendant also contends that the trial court should not have allowed the State to introduce the crack cocaine into evidence based only on the testimony *1208 of Detective Gilliard since Detective Rousseve was the officer who retrieved the cocaine from the defendant.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
La. R.S. 40:967(A) provides, in pertinent part, that "[I]t shall be unlawful for any person knowingly or intentionally ... [t]o produce, manufacture, distribute, or dispense or possess with intent to distribute a controlled dangerous substance classified in Schedule III[.]" Cocaine is classified as a Schedule III drug under La. R.S. 40:964.
At trial, Detective Gilliard testified that he observed the defendant and Howard engaged in a narcotics transaction. The officer stated that he saw the defendant extend his right hand to Howard and Howard look at the objects in the defendant's hand. Howard then removed one of the objects from the defendant's hand, look up, and observe the police officers. Howard then spoke to the defendant, and both men turned in the officers' direction. The defendant and Howard looked panicstricken and discarded the white objects they had in their hands. Detective Gilliard pursued the defendant who attempted to run away when the officers approached. Meanwhile, Officer Rousseve detained Howard. When Detective Gilliard returned to the scene, both subjects were secured in Detective Rousseau's vehicle. The officers then went to the area where they had seen the subjects drop the alleged contraband. Detective Rousseau recovered four pieces of white compressed powder which the officers believed to be crack cocaine. The defendant and Howard were both placed under arrest. Officer Rousseve then conducted a search of the defendant incident to his arrest, at which time the officer found a plastic bag containing nineteen pieces of crack cocaine in the defendant's pants pocket. Each rock was individually wrapped in clear plastic. The officer also retrieved three small blue Ziploc bags of marijuana.
Officer Gilliard was present when Officer Rousseve retrieved the four rocks of crack cocaine from the ground. He observed Officer Rousseve pick up the cocaine from the ground. The officer also observed Officer Rousseve search the defendant after his arrest and saw Officer Rousseve take the bag of cocaine out of the defendant's pants pocket. Officer Gilliard testified as to his own personal knowledge and observations. Such testimony is admissible and sufficient to sustain the defendant's conviction for possession with intent to distribute cocaine.
These assignments are without merit.

Assignments of Error Nos. 3 and 4
The defendant argues that the trial court imposed an unconstitutionally excessive sentence. He also suggests that the trial court failed to comply with La.C.Cr.P. article 894.1 in determining the sentence to be imposed.
*1209 Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
In the present case, the defendant was convicted of possession with the intent to distribute cocaine. After adjudicating the defendant to be a second felony offender, the trial court sentenced the defendant to serve sixty years at hard labor, the maximum sentence under La. R.S. 40:967 and La. R.S. 15:529.1. Prior to sentencing the defendant, the trial court stated:
Although Mr. Calway was only alleged to be a second offender in this multiple bill of information and while he denied several other convictions that he had, when he took the stand on cross examination he had no choice but to admit that he had numerous, numerous other convictions. In fact, the state's evidence in this case was limited to S-1, white rocks, S-2, a crime lab report and the rest of the evidence in this case S-3, 4,5,6,7 and 8 were all certified copies of Mr. Calway's prior convictions. 1,2,3,4,5,6. Six prior convictions. I find that Mr. Calway has a significant criminal history. I find that he is a dangerous encourageable (sic) criminal. I find that although probation is not an option in this case, that if it were that the defendant would pose an undue risk during any period of suspended sentence or probation, that he would commit more crimes. I find that he is in need of correctional treatment in a custodial environment that can best be provided by the Louisiana State Penitentiary. Any lesser sentence in this case would debrocate (sic) from the serious nature of the defendant's crime, that is, pushing drugs.
I further find that due to his criminal history that any chance for rehabilitation in this case would be slight. I find that this individual poses an unusual risk to the safety of the public, he has a significant criminal history. Therefore, it's sentence of the court that you serve 60 years in the custody of Louisiana Department of Corrections at hard labor with credit for time served to be served consecutively with any other sentence that you are serving including but not limited to any parole time that you might be backing up. This sentence is to be served without the benefit of probation, parole or suspension of sentence.
The trial court adequately complied with the requirements of La.C.Cr.P. article 894.1. The trial court noted that the defendant had six prior convictions that spanned a twenty year period. The trial court stated that the defendant's criminal history indicated a need for correctional treatment in a custodial environment. The trial court believed that if the defendant was not incarcerated, he would return to a life of crime. The trial court also observed that the defendant was found to be in possession of twenty-three rocks of cocaine. At trial, Officer Gilliard testified that he observed the defendant engaging in a narcotics transaction. Thus, while the defendant was convicted of possession *1210 with intent to distribute, there was evidence that could have supported a charge of distribution. Further, defendant's prior convictions for theft in 1976 and 1990, burglary in 1977, possession of narcotics paraphernalia in 1991, possession of cocaine in 1993, and possession of marijuana in 1997, justify the imposition of the maximum sentence. Such factors are sufficient to support the defendant's sentence of sixty years at hard labor. Thus, the sentence imposed by the trial court is not unconstitutionally excessive.
These assignments are without merit.
Accordingly, the defendant's conviction is affirmed. The defendant's sentence is amended to provide that parole is prohibited for the first five years of the sentence, and as amended, affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.