SUSAN M. CHEHARDY, Judge.
 

 | aThis is the second appeal in this matter. The defendant has filed briefs both through counsel and
 
 pro se.
 
 In the brief by counsel, the defendant seeks review of his sentence as excessive. In the
 
 pro se
 
 supplemental brief, the defendant argues ineffective assistance of counsel, and also raises search and seizure issues. We affirm the sentence, but remand for correction of patent errors.
 

 FACTS
 

 The facts of the arrest are taken from the record in the first appeal, 02-KA-1108,
 
 *961
 
 lodged in this Court as an exhibit to the record in the current appeal. On March 7, 2001, Jefferson Parish Sheriffs Office narcotics detectives Frank Horn and John Pacaccio executed a search warrant at 3725 Marian Street, Apartment # 5, in Jefferson Parish. The warrant was based on statements of an informant who had made a purchase of crack cocaine from a white female’s residence. Agent Horn learned that the resident participated in sales of cocaine with a black male who came to the house regularly to sell crack. The informant had observed a black male cutting up crack cocaine in the residence at the time of the purchase.
 

 The agents approached the apartment, knocked on the door, and announced then' presence, but did not receive an answer. The front door of the residence was barricaded. The police used a ram to open the door, but it only formed a hole in |.,the door. Agent Pacaccio looked through the hole in the door, using his flashlight, and saw a white female. He ordered her to remove the barricade, which was a metal pipe, and she complied. He also saw a black male (later identified as Majuangy D. Evans, the defendant) run from the front room to the bathroom. The resident, her ex-husband, and her two children also were in the residence.
 

 Upon entry Agent Pacaccio went to the bathroom, where he saw the defendant. Agent Horn testified that the toilet seat was up and a coat hanger was “kind of hanging on the toilet.” There was toilet paper in the toilet and it looked as if it had been stirred with the coat hanger. There was no water in the tank of the toilet and the water had been turned off, so the toilet could not flush.
 

 Agent Horn removed the toilet from the floor, turned it upside down, and shook it.
 

 When he did this, a bag containing rocks of cocaine fell out. The defendant was the only one in the bathroom when the agents entered the residence. One of the defendant’s arms was wet. Agent Horn believed he had been reaching into the toilet.
 

 The police seized the plastic bag that had fallen out of the toilet. It contained numerous off-white colored rocks individually packaged into “baggies.” These later were determined to be crack cocaine that belonged to the defendant. Police also recovered $380 from the defendant’s pocket, in small denominations. The defendant, who was visiting the apartment, was arrested.
 

 PRIOR PROCEEDINGS
 

 On August 28, 2001, Majuangy D. Evans was convicted of violation of La. R.S. 40:967(A), possession of cocaine with intent to distribute. On October 11, 2001, he was sentenced to imprisonment at hard labor for 30 years, without benefit of parole, probation or suspension of sentence. On the same date he was adjudicated a second-felony offender, his original sentence was vacated, and he |4was resenteneed to 45 years’ imprisonment at hard labor without benefit of probation or suspension of sentence.
 

 On appeal this Court affirmed the conviction, but remanded the case to the trial court for rulings on the defendant’s motions to reconsider sentence.
 
 [1]
 

 State v. Evans,
 
 02-1108, p. 2 (La.App. 5 Cir. 3/11/03), 844 So.2d 111, 112. We held that after disposition of the motions to reconsider, the defendant was authorized to re-lodge his appeal within a specified time.
 
 Evans,
 
 02-1108 at 2-3, 844 So.2d at 112-13.
 

 On remand, the trial court denied both motions to reconsider sentence. Thereaf
 
 *962
 
 ter, the trial court resentenced the defendant to 45 years’ imprisonment at hard labor, with the first five years to be served without benefits.
 
 [2]
 

 The defendant filed a motion to appeal his sentence in this Court, arguing that his 45-year sentence was excessive. His motion was docketed as a
 
 pro se
 
 post-conviction writ application, which was denied on a finding that the defendant had failed to raise the claim in his previous appeal.
 
 State v. Evans,
 
 03-KH-660 (La.App. 5 Cir. 6/12/03). On August 26, 2008, the defendant filed a writ application with the Louisiana Supreme Court, which transferred it to this Court on October 18, 2008, with instructions to consider it under
 
 State v. Cordero,
 
 2008-1717 (La.10/03/08), 993 So.2d 203.
 

 The transferred application was lodged in this Court under case number 08-KH-651, consolidated with number 08-WR-1001. We ordered that the defendant’s motion for appeal, previously treated as a
 
 pro se
 
 writ application in case number 03-KH-660, be transferred to the district court. We instructed the trial court to grant the defendant’s Motion for Appeal of Sentence, to prepare the record for | dodging in this Court, to appoint an attorney to represent the defendant, and to perform “any other actions that normally occur when an appeal is granted” within a specified time.
 
 [3]
 
 The trial court granted the defendant’s Motion for Appeal of Sentence on December 15, 2008.
 

 LAW AND ANALYSIS
 

 As mentioned above, the appeal has been briefed by counsel, with a supplemental brief by the defendant
 
 pro se.
 
 The counseled assignments relate to excessive sentence and whether the trial judge complied with the sentencing mandates. The
 
 pro se
 
 assignments relate to ineffective assistance of counsel at trial and on the first appeal, and to search and seizure.
 

 COUNSELED ASSIGNMENTS
 

 The assignments of error as briefed by counsel are as follows:
 

 1. The trial court erred by imposing against Mr. Evans an excessive sentence.
 

 2. The trial court erred by failing to comply with the sentencing mandates of La. C. Cr. P. art 894.1 when it sentenced Mr. Evans.
 

 3. The trial court erred by denying Mr. Evans’ motions to reconsider sentence not on the merits of the motions but on the basis that he did not have access to the original sentencing judge’s thought process. The trial court erred by failing to give any type of meaningful consideration to the motions prior to denying them.
 

 4. The trial court erred by denying the motions to reconsider the sentence.
 

 Counseled Assignments Of Error Numbers One And Two
 

 In these assignments, the defendant asserts the trial court erred by imposing an excessive sentence, and by failing to comply with the sentencing mandates of La. C. Cr. P. art. 894.1.
 

 | (iAt the May 15, 2003 hearing on remand, the prosecutor advised the trial court that the case had been remanded for a ruling on two motions to reconsider sentence.
 
 [4]
 
 Defense counsel asked the court
 
 *963
 
 to “take note” of the record and consider the excessiveness of the 45-year sentence. Thereafter, the trial court ruled on the motions and stated, “Okay. The Court has reviewed the record, as well as the Fifth Circuit’s opinion. Not having the benefit of the thought process of the sentencing judge and considering the state’s position, the Court is going to deny both motions.”
 

 The prosecutor then stated, “And Judge, at this time, the state would ask you now to re-sentence him on the original 45 years, and I believe the Fifth Circuit also indicated that to clarify the record, the first five years is without benefit of probation, parole or suspension of sentence.”
 

 Without setting aside the original enhanced sentence, the trial judge resen-tenced the defendant to 45 years imprisonment at hard labor, with the first five years to be served without benefits.
 

 According to this Court’s directive on the first appeal, the trial court was supposed to rule only on the two motions to reconsider sentence. Our opinion did not instruct the trial court to resentence the defendant as a multiple offender, but merely noted a patent sentencing error that it was premature to address on the first appeal.
 

 Had the trial court granted the motions to reconsider, it would have had to resen-tence the defendant. The trial court denied the motions, however. On the first appeal the defendant argued only that there were errors patent on the face of the record. He specifically assigned as error the failure of the trial judge to rule on the motion to reconsider sentence. The defendant did not raise excessive sentence |7or compliance with La. C. Cr. P. art. 894.1 on the first appeal. The defendant argues that his sentence is excessive and that the record does not contain evidence warranting a maximum sentence for his underlying conviction. He contends that the judge focused on the war on drugs and the hazards drugs bring before concluding he had no choice in the matter but to give him the maximum sentence.
 

 The defendant argues that the trial court failed to articulate its reasons for the sentence imposed, and that the record does not indicate a rationale for the court’s harshness. He concludes the court failed to comply with the sentencing mandate of La. C. Cr. P. art. 894.1. The defendant contends the judge did not mention other factors under the sentencing guidelines other than the consideration of the defendant’s criminal history, which included repeated drug offenses. The defendant asserts that having a drug addiction should not have been a factor that warranted a harsher prison term, and he contends the sentence was not particularized to him.
 

 The defendant acknowledges that his 30-year sentence was vacated and the judge imposed a 45-year sentence after finding he was a second felony offender. He asserts that the judge offered no reasons for the sentence except that “the people of Jefferson Parish” did not want someone like the defendant on the streets and that drug crimes were not victimless crimes. He argues these statements failed to comply with the sentencing guidelines of La. C. Cr. P. art. 894.1.
 

 30-Year Sentence
 

 On October 11, 2001, the defendant was sentenced to 30 years’ imprisonment at hard labor for the conviction of possession with intent to distribute cocaine. When sentencing the defendant, the judge noted that the defendant had a prior conviction as a juvenile for armed robbery and a prior conviction for possession of cocaine. The judge noted considerations under | sLa. C. Cr. P. art. 894.1, specifically stating
 
 *964
 
 there was an undue risk that the defendant would commit another crime, and that he could not give the defendant a suspended sentence and probation. The court also noted that if the State was correct, the defendant was facing life imprisonment.
 

 In addition, the judge found the defendant in need of correctional treatment, that a lesser sentence would deprecate the seriousness of the act, but stated, “[I]t’s not the act as much as your background that’s your particular problem, Mr. Evans.” The judge then went on to tell the defendant he was “a tool of the Columbian drug lords,” that what the judge had to look at was what the defendant was doing to “all these other people,” that the cocaine trade is not a victimless crime, that the reason “we can’t win the war on drugs” is because “it’s not being fought properly.”
 

 The judge stated he intended to “help those that have a habit and punish those who are using it to make money.” He told the defendant, “You are one of the ones that are spreading it,” and continued, “Considering you are facing life imprisonment if what the D.A. tells me is true, the Court has no choice in this matter but to give you the maximum sentence of 80 years in the Department of Corrections without benefit of probation, parole, or suspension of sentence.”
 

 On November 15, 2001, the defendant filed a “Motion to Reconsider Sentence and Motion for Appeal.” In this motion, the defendant argued that his sentence was excessive in violation of the United States Constitution, the Louisiana Constitution, all applicable statutes, and the Sentencing Guidelines. The motion also alleged that the court failed to adequately consider mitigating circumstances in fixing the jail term or fine and to consider both the statutory and sentencing guidelines. On January 31, 2002, the defendant’s original sentence was vacated, and the defendant was sentenced as a multiple offender.
 

 lain his second appeal, the defendant attacks his original 30-year sentence as excessive. He also argues that the trial judge failed to comply with La. C. Cr. P. art. 894.1 in articulating reasons for the sentence imposed. However, it appears this argument is moot because his 30-year sentence was vacated when the defendant was sentenced as a second felony offender.
 

 We find the claim of excessive sentence as to the vacated 30-year sentence is moot because the original sentence no longer exists.
 
 State v. Jenkins,
 
 07-423, p. 8 (La.App. 5 Cir. 10/30/07), 970 So.2d 1166, 1170,
 
 writ denied,
 
 07-2243 (La.5/30/08), 983 So.2d 895.
 
 See also, State v. Jackson,
 
 OS-923, pp. 12-13 (La.App. 5 Cir. 3/28/06), 926 So.2d 72, 79,
 
 ivrit denied,
 
 06-1589 (La.1/8/07), 948 So.2d 121;
 
 State v. Hanson,
 
 00-1168, p. 4 (La.App. 5 Cir. 12/13/00), 778 So.2d 43, 45.
 

 45-Year Enhanced Sentence
 

 On January 31, 2002, the defendant was sentenced to 45 years’ imprisonment at hard labor for distribution of cocaine as a second-felony offender. The judge noted the sentencing range was 15 to 60 years, and questioned the State regarding prior convictions. The State reported that the defendant was previously convicted of five counts of armed robbery as a juvenile.
 

 When imposing the enhanced sentence, the judge told the defendant:
 

 Mr. Evans, I really wish we could have done this when all these other guys were here in court so at least, if nothing else, you could have served as a bad example.
 

 But, you know, you’re a good example of what happens when you mix guns and narcotics. You have a history of dealing with guns and armed robberies and now you are out dealing narcotics.
 

 
 *965
 
 You are the kind of person that, with all due respect, the people of Jefferson Parish just don’t want on their streets.
 

 I know that maybe you and some other people think that drugs is [sic] a victimless crime, but it isn’t. I see the victims in court everyday. It’s bad enough that we’ve got some people using drugs, but it’s worse whenj^you have them selling them. My g-uess is, you were selling and using, huh?
 

 The defendant responded, “No, sir.” The judge then stated he remembered the defendant was “the guy that put the stuff in the back of the toilet seat.” After considering the sentencing range and the sentencing guidelines of La. C. Cr. P. art. “894” [sic], the judge sentenced him for distribution of cocaine as a second felony offender to 45 years imprisonment at hard labor without benefit of probation or suspension of sentence.
 

 Defense counsel then made an oral motion to reconsider the sentence and stated he would supplement the motion in writing. The judge said he would “take it up” when he filed it. The record does not show the oral motion was ever supplemented by a written motion.
 

 On remand, after defendant’s motions to reconsider were denied, defendant was re-sentenced to the same 45-year sentence at hai*d labor, except the restriction of benefits was different. The defendant’s original enhanced sentence was imposed without benefit of probation or suspension of sentence. On remand, the defendant received an enhanced sentence to be served without benefits for the first five years.
 

 Because the motion to reconsider did not set forth specific grounds on which the motion was based, we limit our analysis of the 45-year sentence to a review for constitutional excessiveness. La. C. Cr. P. art. 881.1 requires that a motion to reconsider set out the “specific grounds” upon which the motion is based in order to raise an objection to the sentence on appeal.
 
 State v. Mims,
 
 619 So.2d 1059, 1059-1060 (La.1993). If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, the defendant is relegated to having the appellate |n court consider the bare claim of constitutional excessiveness.
 
 Id.; see also, State v. Carter,
 
 07-270, p. 10 (La.App. 5 Cir. 12/27/07), 976 So.2d 196, 202.
 

 We note further that on remand the trial court resentenced the defendant without first vacating the original enhanced sentence.
 
 [5]
 
 After the resentencing, defense counsel did not file a motion to reconsider or object to the new enhanced sentence. Where a new sentence has been imposed following vacation of a prior sentence, the defendant is required to file a new motion for reconsideration of sentence in the trial court, in order to preserve appellate review of the newly-imposed sentence.
 
 State v. Emerson,
 
 04-0156, pp. 6-7 (La.App. 1 Cir. 10/29/04), 888 So.2d 975, 979-80,
 
 writ denied,
 
 05-0089 (La.4/22/05), 899 So.2d 557. The court cannot assume that the defendant’s objections to the earlier sentence are equally applicable to the new sentence imposed.
 
 Id.
 

 Regardless of which enhanced sentence is considered, the defendant either did not file a motion to reconsider or made an oral motion and failed to state specific grounds. Thus, our consideration of the enhanced sentence is limited to a review for constitutional excessiveness.
 

 The defendant argues that the trial court failed to comply with La. C. Cr. P.
 
 *966
 
 art. 894.1 by articulating justification for the sentence imposed. Article 894.1(C) requires the trial judge to state for the record the considerations taken into account and the factual basis when imposing the sentence.
 
 State v. Sanders,
 
 98-855, p. 5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279,
 
 writ denied,
 
 99-1980 (La.1/7/00), 752 So.2d 175. When there is an adequate factual basis for the sentence contained in the record, however, the trial court’s failure to articulate every circumstance listed in La. C. Cr. P. art. 894.1 does not require a remand for resentencing.
 
 Id.
 

 |12As noted above, the defendant failed either to file a motion to reconsider or to object to the new enhanced sentence imposed on remand. Nor did the defendant’s oral motion to reconsider the previous enhanced sentence raise failure to comply with La. C. Cr. P. art. 894.1.
 

 An argument concerning the trial court’s non-compliance with Article 894.1 falls under the category of statutory excessiveness.
 
 See State v. Lagarde,
 
 07-123, p. 17 (La.App. 5 Cir. 5/29/07), 960 So.2d 1105, 1118,
 
 writ denied,
 
 07-1650 (La.5/9/08), 980 So.2d 684. Therefore, the defendant failed to preserve this issue for appeal.
 
 See State v. Haywood,
 
 00-1584, p. 17 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 581.
 

 On remand the defendant received the same 45-year sentence, except for the restriction of benefits. We find that the 45-year sentence is not constitutionally excessive.
 

 The imposition of excessive punishment is prohibited by both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution.
 
 State v. Lawson,
 
 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Lobato,
 
 603 So.2d 739, 751 (La.1992);
 
 Lawson,
 
 04-334 at 6, 885 So.2d at 622. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.
 
 Id.
 

 The trial court is afforded wide discretion in determining sentences and a court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 Lawson,
 
 04-334 at 6, 885 So.2d at 622.
 
 See also
 
 La. C. Cr. P. art. 881.4(D).
 

 | lsAn appellate court considers three factors in reviewing a trial court’s sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 State v. Stewart,
 
 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28,
 
 writ denied,
 
 04-0449 (La.6/25/04), 876 So.2d 832.
 

 In March 2001, when the defendant committed the underlying offense, La. R.S. 40:967(B)(4)(b) provided that on conviction of possession with intent to distribute cocaine conviction, the defendant shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of the sentence being without benefit of parole, probation, or suspension of sentence. The statute provided for discretionary imposition of a fine of not more than fifty thousand dollars. Thus, as a second felony offender, the defendant faced a possible sentencing range of 15 to 60 years imprisonment. La. R.S. 15:529.1(A)(l)(a). The defendant received a 45-year sentence.
 

 Reviewing other similar cases, we find the sentence is supported by comparison. In
 
 State v. Calway,
 
 98-2061, p. 6 (La.App. 4 Cir. 11/17/99), 748 So.2d 1205,1209,
 
 writs denied,
 
 00-3396 (La.8/24/01), 795 So.2d 342
 
 *967
 
 and 04-1260 (La.3/18/05), 896 So.2d 998, on a conviction for possession of cocaine with intent to distribute the defendant was sentenced to 60 years at hard labor — the maximum sentence under the statutes — after being adjudicated a second-felony offender. The appellate court found the trial court’s reasons adequately supported the sentence and sufficiently complied with La. C. Cr. P. art. 894.1.
 
 Calway,
 
 98-2061 at 7, 748 So.2d at 1209.
 

 In
 
 Calway
 
 the trial court had noted that the defendant had six prior convictions that spanned over a 20-year period; that the defendant’s criminal history indicated a need for correctional treatment in a custodial environment; that 114if the defendant was not incarcerated, he would return to a life of crime. The trial court also observed that the defendant was found to be in possession of twenty-three rocks of cocaine, and police had observed the defendant engaging in a narcotics transaction.
 
 Calway,
 
 98-2061 at 8, 748 So.2d at 1209.
 

 The
 
 Calway
 
 court recognized that while the defendant was convicted of possession with intent to distribute, there was evidence that could have supported a charge of distribution.
 
 Calway,
 
 98-2061 at 8, 748 So.2d at 1210-11. Further, the court found that the defendant’s prior convictions for theft, burglary, possession of narcotics paraphernalia, possession of cocaine, and possession of marijuana, justified the imposition of the maximum sentence. Thus, the court held that the sentence imposed by the trial court was not constitutionally excessive.
 
 Calway,
 
 98-2061 at 8, 748 So.2d at 1210.
 

 Other cases have upheld lesser sentences when considering constitutional ex-cessiveness of sentences for second felony offenders with similar or worse criminal backgrounds than the defendant.
 
 [6]
 
 Nevertheless, we find the sentence is not constitutionally excessive.
 

 The review of sentences under La. Const. Art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.
 
 State v. Williams,
 
 07-1111, p. 1 (La.12/7/07), 969 So.2d 1251,1252. On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion.
 
 State v. Walker,
 
 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462.
 

 The mid-range 45-year sentence does not shock our sense of justice. The agents in the present case obtained a search warrant for the residence based on | ^information that crack cocaine was being sold there. The agents were forced to use a battering ram to open the door after it was not answered, and then still had to order the door be opened after a metal barricade prevented them from entering. The defendant attempted either to dispose of or to hide the crack cocaine that was packaged for sale. Further, the defendant had committed multiple armed robberies as a juvenile and had been convicted of possession of cocaine.
 

 We find the trial court did not abuse its broad sentencing discretion in imposing the 45-year sentence when the defendant faced a 60-year sentence.
 

 Counseled Assignments Of Error Numbers Three And Four
 

 These assignments challenge the process by which the trial court ruled on the motions to reconsider sentence. The defendant points out that the judge presiding on remand denied the motions solely on
 
 *968
 
 the basis that he did not have access to the original sentencing judge’s thought process. The defendant asserts the trial court failed to give any meaningful consideration to the motions prior to denying them.
 

 The defendant claims that when the sentencing judge’s errors and omissions were brought to the attention of the judge on remand through the motions to reconsider sentence, the judge failed to rule upon the motions and gave no deference to his duty to review the substantive merits of the motions. He concludes the motions did not receive the consideration to which he was lawfully entitled. He argues that at minimum the motions to reconsider sentence should have been granted on the basis that the sentencing court’s compliance with La. C. Cr. P. art. 894.1 was wholly inadequate.
 

 As previously discussed, the defendant’s failure to file a motion to reconsider after the judge resentenced him on remand prohibits our review of the | ^sentence except for constitutional excessiveness, while any issue relating to the original 30-year sentence that was vacated is moot.
 

 We find no merit to the argument that the motions were not given meaningful consideration, because there was a hearing on the motions to reconsider sentence.
 

 A trial court is not required to conduct a hearing on a motion to reconsider sentence. La. C. Cr. P. art. 881.1;
 
 State v. Bedoya,
 
 08-630, p. 16 (La.App. 5 Cir. 12/16/08), 998 So.2d 1283, 1292,
 
 writ filed,
 
 2009-0484 (La.11/20/09), 25 So.3d 784. A defendant suffers no prejudice by summary denial of his motion to reconsider sentence, where the sole basis for the motion for reconsideration of sentence is that the sentence was excessive, and the sentences are not constitutionally excessive.
 
 Id.
 

 Here, on remand the judge stated he had reviewed the record as well as this Court’s opinion. Although the judge commented he did not have the benefit of the thought process of the sentencing judge, we construe that remark as his recognition that the sentencing judge, who presided over the defendant’s trial, was in the best position to impose the sentence.
 

 A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing.
 
 State v. Cook,
 
 95-2784, p. 2 (La.5/31/96), 674 So.2d 957, 958,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996);
 
 State v. Aleman,
 
 01-743, p. 20 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1070,
 
 writ denied,
 
 02-0481 (La.3/14/03), 839 So.2d 26.
 

 Further, the defendant did not raise the issue of failure to comply with La. C. Cr. P. ai't. 894.1 regarding his enhanced sentence. This Court conducted a review for constitutional excessiveness. The defendant’s sentence does not shock [17this Court’s sense of justice. Finally, after being resentenced on remand following the denial of the motions to reconsider, the defendant failed to file a motion to reconsider sentence.
 

 We find no merit to these assignments.
 

 Pro Se Assignments of Error
 

 In his
 
 pro se
 
 brief, the defendant makes the following assignments:
 

 1. Whether Appellant’s trial defense Attorney rendered ineffective assistance during pre-trial proceedings in his case:
 

 2. Whether Appellant’s
 
 First
 
 Appointed Louisiana Appellate Project Attorney Bertha Hillman rendered ineffective assistance during the Prosecution of Appellant’s
 
 Direct
 
 Appeal of his drug conviction, and;
 

 3. Whether Appellant should be allowed a fair opportunity to chai-
 
 *969
 
 lenge, for the First time, Via, supplementation on appeal of the excessiveness of his sentence, the unconstitutional (Illegal) search and seizure of evidence found by narcotic agents at the apartment residence located at 3725 Marion street, in Jefferson Parish, Louisiana in March 2001.
 

 4. Whether the affidavit establishing probable cause to search and seize evidence from an apartment, including the defendant’s arrest, was tainted by open court testimony from prosecution witness.
 

 In the
 
 pro se
 
 brief, the defendant’s first two claims involve ineffective assistance of counsel claims regarding his trial counsel during pre-trial proceedings and Bertha Hillman, his first appointed counsel, during his direct appeal. The third
 
 pro se
 
 claim involves the search and seizure of evidence found by narcotic agents at the residence. The last
 
 pro se
 
 claim challenges the affidavit supporting the search warrant; the defendant claims the affidavit contains a falsehood and lacks probable cause.
 

 On the first appeal this Court affirmed the defendant’s conviction; accordingly, the defendant’s second appeal is limited to the matters remanded to | isthe trial court. Any claim not related to the rulings on the motions to reconsider and sentencing will not be considered on this appeal.
 
 See State v. Triche,
 
 03-910, p. 3 (La.App. 5 Cir. 12/30/03), 864 So.2d 832, 834;
 
 State v. Gas-senberger,
 
 02-658, p. 4 (La.App. 5 Cir. 12/11/02), 836 So.2d 271, 273.
 

 Because the defendant’s
 
 ‘pro se
 
 assignments of error pertain to pretrial and trial matters, we do not address them.
 

 ERROR PATENT DISCUSSION
 

 Following our usual procedure, we reviewed the record for errors patent. La. C. Cr. P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 The defendant received a patent error review on his original appeal, in which this Court noted certain sentencing errors patent in the defendant’s original and enhanced sentences. However, because the case was being remanded for rulings on the motions to reconsider sentence, we found it premature to address the sentencing errors.
 
 Evans,
 
 02-1108 at 5-6, 844 So.2d at 114.
 

 We also recognized that the trial court’s failure to advise the defendant of the specific allegations against him and of his right to be tried and to remain silent was harmless error, because the State presented competent evidence at the multiple bill hearing to establish the defendant’s habitual offender status and the defendant did not testify or make any comments during the multiple bill hearing.
 
 Evans,
 
 02-1108 at 6, 844 So.2d at 114-15. Further, we found that the defendant waived his right to admit or deny the allegations of the amended multiple bill when defendant did not lodge an objection prior to the multiple bill hearing.
 
 Evans,
 
 02-1108 at 6-7, 844 So.2d at 115.
 

 The defendant is not entitled to a second patent error review of the matters encompassed in the first appeal.
 
 See State v. Taylor,
 
 01-452, p. 10 (La.App. 5 Cir. J^l1/14/01), 802 So.2d 779, 783,
 
 writ denied,
 
 01-3326 (La.1/10/03), 834 So.2d 426. He now is limited to a patent error review of the proceedings on remand.
 
 State v. Chisley,
 
 06-900, p. 5 (La.App. 5 Cir. 4/24/07), 957 So.2d 226, 229,
 
 writ denied,
 
 07-1828 (La.6/6/08), 983 So.2d 911.
 

 The patent sentencing errors this Court noted on the first appeal, but found premature to address due to the remand order, were as follows.
 

 
 *970
 
 In the original sentence, the trial judge imposed the 30-year sentence -without benefit of parole, probation, or suspension of sentence. However, La. R.S. 40:967(B)(4)(b) provides that only the first five years of the sentence should be without benefit of parole, probation, or suspension of sentence. With respect to the enhanced sentence, the trial judge imposed the 45-year sentence without benefit of probation or suspension of sentence. However, the trial judge failed to comply with the underlying statute which provides that the first five years of the sentence should be without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967(B)(4)(b). Nevertheless, since we are remanding this matter for rulings on the motions to reconsider sentence, it is premature to address these patent sentencing errors.
 

 Evans,
 
 02-1108 at 5-6, 844 So.2d at 114.
 

 On remand, the court resentenced the defendant and imposed a new enhanced sentence. “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.” La. C. Cr. P. art. 882. It appears the trial judge was attempting to correct the sentence in compliance with the error patent noted in this Court’s opinion.
 

 Next, we note there are discrepancies between the commitment and the transcript regarding whether the defendant’s enhanced sentence was vacated prior to resentencing on remand. The transcript does not reflect that the judge vacated defendant’s previous sentence prior to re-sentencing defendant. Although the trial judge did not set aside the previous enhanced sentence, he did state that he was | gni'esentencing the defendant. We interpret this to mean that the other sentence was set aside and consider the new sentence as defendant’s enhanced sentence.
 

 In addition, the commitment states that the previous sentence was vacated.
 

 In
 
 State v. Mayer,
 
 99-8124 (La.3/31/00), 760 So.2d 309, 310, our supreme court found that to the extent that the commitment/minute entry reflected that the trial judge had vacated the defendant’s original sentence “and thereby eliminated any possible confusion as to the terms of the defendant’s confinement, the failure of the transcript of the multiple offender hearing to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant.” The
 
 Mayer
 
 court ordered that the defendant’s multiple offender sentence imposed by the trial court be reinstated. Accordingly, we find that the new sentence is properly before this Court on review.
 

 In addition to the question whether the prior enhanced sentence was vacated, we find additional discrepancies between the commitment and transcript relating to the remanded matter.
 

 On remand, the State suggested that the court resentence defendant on the enhanced sentence to clarify that the first five years of the sentence were without benefit of parole, probation, or suspension of sentence. The trial court resentenced defendant to 45 years imprisonment at hard labor, with the first five years to be served “without benefits.” The commitment, however, states that the first five years of the sentence are without benefit of probation or suspension of sentence.
 

 Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). The transcript must prevail in this case.
 
 See Lynch, swpra.
 

 La. R.S. 15:529.1(G) requires that all habitual offender sentences be served
 
 *971
 
 without the benefit of probation or suspension of sentence. In addition, the 12i underlying statute, La. R.S. 40:967(B), requires the restriction of parole for the first five years.
 
 [7]
 
 Although the judge stated that the sentence was without benefits for the first five years, he did not state that the remainder of the sentence was also without the benefit of probation or suspension of sentence.
 
 See
 
 La. R.S. 40:967(B)(4)(b); La. R.S. 15:529.1(G).
 

 Hence, the trial court imposed an illegally lenient enhanced sentence, because he restricted “benefits” for only five years, but no corrective action is required. Under La. R.S. 15:301.1 and
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790, a statute’s requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating.
 
 State v. Stokes,
 
 02-339, p. 4 (La.App. 5 Cir. 10/16/02), 831 So.2d 354, 357,
 
 writ denied,
 
 03-2750 (La.11/8/04), 885 So.2d 1127.
 
 [8]
 

 There is an additional discrepancy between the sentencing transcript and the commitment regarding the trial court’s post-conviction relief advisory under La. C. Cr. P. art. 930.8. Although the commitment reflects a proper advisory of the prescriptive period for filing post-conviction relief, the transcript reflects an the advisory was incomplete. The trial judge advised defendant that he had “two years to file for post conviction relief.”
 

 The failure to advise a defendant that “the prescriptive period runs from the time his
 
 conviction and sentence
 
 become final” is an incomplete advisory.
 
 State v. Grant,
 
 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis in original). No application for post-conviction relief, including an application that seeks an out-of-time appeal, shall be considered if it is filed more than two years [22after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
 

 In the past, this Court has ordered the trial court to properly advise the defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days of the rendition of this Court’s opinion and then to file written proof in the record that the defendant received the notice. Recently, however, this Court rendered a decision that corrected this patent error by way of its opinion.
 
 See State v. Davenport,
 
 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445,
 
 writ denied,
 
 2009-158 (La.10/16/09), 19 So.3d 473,
 
 citing State v. Morris,
 
 40,322, p. 4 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363.
 

 Following the lead of
 
 Davenport
 
 and
 
 Morris,
 
 therefore, we advise defendant, by this opinion, that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
 
 Davenport,
 
 08-463, p. 11, 2 So.3d at 451.
 

 We note further that the May 15, 2003 commitment, which reflects the resentenc-ing of defendant as a habitual offender on
 
 *972
 
 remand, does not list the defendant’s habitual offender status. The transcript reflects that the defendant was found to be a second felony offender and that he was sentenced as such. The commitment states that the defendant was “sentenced under Multiple Bill statute 15:529.1,” but does not reflect that defendant was sentenced as a second felony offender.
 

 Considering this discrepancy, we shall remand this matter to the trial court for the limited purpose of correcting the commitment to state that the defendant was sentenced as a second felony offender.
 
 See State v. Scott,
 
 08-703, p. 12 | ^(La.App. 5 Cir. 1/27/09), 8 So.3d 658, 666, writ filed, 2009-0650 (La.12/11/09), 23 So.3d 910. The minute entry also must be corrected.
 
 See
 
 La. C. Cr. P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846.
 

 DECREE
 

 For the foregoing reasons, the sentence is affirmed. The matter is remanded and the district court is ordered to correct the commitment to state that the defendant was sentenced as a second felony offender. The district court is further ordered to make an entry in the minutes reflecting this change and to direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 

 SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF PATENT ERRORS.
 

 [1]
 

 . The first motion for reconsideration was made after the original sentencing; the second was made after the habitual offender sentencing.
 

 [2]
 

 . See Error Patent section,
 
 infra,
 
 for discussion of discrepancies between the commitment and the sentencing transcript.
 

 [3]
 

 . The writ dispositions erroneously stated that the defendant's sentence had been vacated. In fact, the sentence was not vacated on the appeal.
 

 [4]
 

 .At trial and the original sentencing, as well as the first habitual offender sentencing, the district judge was Ronald Bodenheimer. On
 
 *963
 
 the remand, the district judge was Hans Lilje-berg.
 

 [5]
 

 . See Error Patent discussion,
 
 infra,
 
 regarding failure of the judge on remand to vacate the previous 45-year sentence prior to resen-tencing the defendant.
 

 [6]
 

 .
 
 See State v. Jackson,
 
 07-975, pp. 5-12 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 250-53;
 
 State v. Harvey,
 
 08-0217, pp. 6-9 (La.App. 4 Cir. 5/13/09), 12 So.3d 496, 500-02.
 

 [7]
 

 . The restrictions imposed on parole eligibility in multiple offender sentences under La. R.S. 15:529.1 "are those called for in the referenced] statute."
 
 State v. Bruins,
 
 407 So.2d 685, 687 (La.1981).
 

 [8]
 

 . Although this Court mentioned patent sentencing error in the first appeal regarding restriction of benefits for defendant's 30-year sentence, this error is moot because the sentence was vacated.
 
 See State v. Smith,
 
 09-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 501,
 
 writ filed,
 
 2009-2102 (La.4/5/10), - So.3d -