HANS J. LILJEBERG, Judge.
2Defendant, Roger Chairs, a/k/a “Lil Rog,” appeals the trial court’s denial of his motion for new'trial based on newly discovered evidence. We affirm, finding that defendant’s motion for new trial was untimely.

PROCEDURAL HISTORY

This is defendant’s second appeal. On September 23, 2011, defendant was convicted of second degree murder in violation of La. R.S. 14:30.1 (count two), possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count three), and obstruction of justice in violation of La. R.S. 14:130.1 (count four). Defendant was sentenced on October 12, 2011.
On December 27, 2012, this Court affirmed defendant’s convictions and sentences, with the exception of his sentence on count three, which was vacated as illegally 'excessive. See State v. Chairs, 12-363, p. 30 (La.App. 5 Cir. 12/27/12), |si06 So.3d 1232, 1251, writ denied, 13-0306 (La.6/21/13), 118 So.3d 413. This Court remanded the matter for resentencing, and having found no ruling from the trial court on defendant’s motion to reconsider sentence, also remanded for a ruling thereupon. Id.
On February 21, 2013, defendant filed a motion for new trial on the basis of newly discovered evidence. In this motion, he alleged that after his conviction, he learned that the Jefferson Parish Sheriffs Office was investigating Detective Brett Beavers, the lead detective in this case, for matters concerning his honesty and integrity. On account of Detective Beavers’ inculpatory testimony at defendant’s trial, defendant argued that the detective’s credibility was critical. For this reason, defendant argued he was entitled to a new trial.
A hearing was held on May 20, 2013, at which the trial court denied both defendant’s motion for new trial and his motion to reconsider sentence. Then, in accordance with this Court’s remand, the trial *864 court resentenced defendant on count three to 15 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. This sentence was ordered to be served consecutively to defendant’s sentences on counts two and four. Thereafter, defendant filed motions for appeal and to reconsider sentence. The trial court granted the motion for appeal, but denied the motion to reconsider sentence.

FACTS

The underlying facts of defendant’s offenses are not pertinent to the discussion of the issue in defendant’s second appeal. A recitation of the facts can be found in this Court’s prior opinion pertaining to defendant’s case, State v. Chairs, 12-363 at 3-10,106 So.3d at 1236-1240.

LAW AND DISCUSSION

In defendant’s sole assignment of error, he argues that the trial court erred in denying his motion for new trial, which was based on newly discovered evidence. He asserts that because the jury was not fully informed about Detective Beavers’ character and untrustworthiness, the verdicts in this case are highly questionable and a new trial must be granted.
Louisiana Code of Criminal Procedure article 851(3) provides that a motion for new trial shall be granted when “[n]ew and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty[.]”
The time for filing a motion for new trial is governed by La.C.Cr.P. art. 853, which provides in pertinent part:
When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case.
Interpreting this provision, the Louisiana Supreme Court has held that “the verdict or judgment of the trial court indicates a finding of guilt or innocence and ... does not include sentencing.” State v. Bolton, 408 So.2d 250, 254 (La.1981).
In the instant case, since the jury returned its verdict on September 23, 2011, defendant had until September 23, 2012 to file a motion for new trial based on newly discovered evidence. Defendant did not file his motion until February 21, 2013. As such, defendant’s motion for new trial was untimely. For this reason, we | ¡find that the trial court did not abuse its discretion in denying defendant’s motion for new trial. This assignment of error is without merit.

ERRORS PATENT

Defendant received an error patent review in his original appeal, pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). In his original appeal, this Court found defendant’s sentence on count three was illegally excessive and remanded for resentenc-ing on count three and for a ruling on defendant’s motion to reconsider sentence. See Chairs, 12-363, 106 So.3d at 1251.
In State v. Evans, 09-477, pp. 18-19 (La.App. 5 Cir. 12/29/09), 30 So.3d 958, 969, writ denied, 10-0363 (La.3/25/11), 61 So.3d 653, this Court stated that in a second appeal following' remand, the defendant is not entitled to a second error patent review of the matters encompassed in the first appeal; the defendant is limited to an error patent review of the proceedings on remand.
*865 Accordingly, in the present case, defendant is not entitled to a second error patent review of his convictions or sentences on counts two and four; however, an error patent review was conducted with respect to defendant’s resentencing on count three. Our review did not reveal any errors that require corrective action.

DECREE

For the foregoing reasons, we affirm the trial court’s denial of defendant’s motion for new trial.

AFFIRMED.