STATE OF LOUISIANA

VERSUS

MICHAEL C. ADAMS AKA "SHAWTY MIKE"

NO. 23-KA-508

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-7075, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING

August 14, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**SENTENCES AFFIRMED**

 **SUS**
 **MEJ**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
MICHAEL ADAMS
     Jane L. Beebe

**SCHLEGEL, J.**

This is defendant Michael Adam's second appeal. In the first appeal, this Court affirmed defendant's convictions for second degree murder in violation of La. R.S. 14:30.1 (count one), conspiracy to rob Alfred Hill, Jr. while armed with a firearm in violation of La. R.S. 14:26 and La. R.S. 14:64 (count two), and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count three). However, we vacated defendant's sentences on counts two and three. *See State v. Adams,* 22-271 (La. App. 5 Cir. 5/10/23), 364 So.3d 1272, 1289-90. In this appeal, defendant challenges the excessiveness of the consecutive sentences imposed by the trial court. For the reasons that follow, we affirm defendant's sentences.

## FACTS AND PROCEDURAL BACKGROUND

The underlying facts and procedural history of defendant's convictions are fully set forth in this Court's prior opinion in *Adams*, *supra*. The trial court originally sentenced defendant on February 7, 2022, to life imprisonment without the benefit of parole, probation, or suspension of sentence on count one; imprisonment for fifty years on count two; and imprisonment for twenty years without the benefit of parole, probation, or suspension of sentence on count three. After reviewing the sentencing transcript, we determined that defendant's sentence was indeterminate as to whether the sentences were to run concurrently or consecutively. Therefore, we affirmed defendant's convictions, but we did not address the merits of defendant's assignment of error regarding the excessiveness of the consecutive nature of his sentences. This Court also found that the trial court imposed an illegal sentence on count two when it sentenced defendant to fifty years imprisonment even though La. R.S. 14:26 and La. R.S. 14:64 only provide for a maximum sentence of forty-nine-and-one-half-years. As such, this Court

affirmed defendant's convictions, vacated the sentences on counts two and three, and remanded for resentencing. *Id*. at 1290-91.

On June 1, 2023, the trial court sentenced defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count one; forty-nine-and-one-half years imprisonment at hard labor on count two; and twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count three. The trial court also ordered the sentence on count two to run consecutively to the sentences on counts one and three. The trial court further ordered the sentence on count three to run concurrently with the sentence on count one and consecutively to the sentence on count two. This appeal followed.

**DISCUSSION**

Defendant argues on appeal that the trial court erred when it imposed excessive consecutive sentences even though all three counts arose from the same facts and circumstances. Defendant states that he is re-urging the argument made in the first appeal since the issue of excessive consecutive sentences was pretermitted when this Court vacated the sentences on counts two and three. He further complains that the trial court did not provide reasons for the consecutive sentences either at the time of the original sentencing or on remand during the resentencing.

The State responds that defendant failed to present any specific grounds either orally or in writing challenging the sentences imposed after remand for counts two and three. As such, the State argues that defendant is only entitled to appellate review of those sentences for bare constitutional excessiveness. Nevertheless, the State contends that a review for bare constitutional excessiveness does not include consideration of the only argument defendant now presents on appeal, namely, that those sentences were improperly imposed consecutively. The

State asserts that because defendant does not contend that any of his sentences on their own are excessive, this Court's analysis may end there.

La. C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." La. C.Cr.P. art. 881.1(E) provides that the "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

While the record reflects that defendant orally objected to his sentences, he did not specifically raise the issue of the consecutive nature of his sentences, nor did he file a written motion to reconsider the sentences following his resentencing on June 1, 2023. Failure to file a motion to reconsider sentence or to state the specific grounds upon which the motion is based limits a defendant to a bare review of the sentence for unconstitutional excessiveness. *State v. Rodgers*, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1200, *writ denied*, 16-2189 (La. 9/15/17), 225 So.3d 479, and 16-2093 (La. 1/29/18), 235 So.3d 1104.

Additionally, although defendant filed a motion to reconsider his sentences following his original sentencing, he did not file such a motion after he was resentenced. Where a court imposes a new sentence following vacation of a prior sentence, the defendant is required to file a new motion for reconsideration of sentence to preserve appellate review of the newly-imposed sentence. *See State v. Evans*, 09-477 (La. App. 5 Cir. 12/29/09), 30 So.3d 958, 965, *writ denied*, 10-363 (La. 3/25/11), 61 So.3d 653. In such cases, "[t]he court cannot assume that the defendant's objections to the earlier sentence are equally applicable to the new sentence imposed." *Id*.

On appeal, defendant does not contend that any sentence on its own is excessive. Rather, he argues that the consecutive nature of his sentences makes them excessive. This Court has held that when the consecutive nature of sentences is not specifically raised in the trial court, the issue is not included in the review for unconstitutional excessiveness and the defendant is precluded from raising the issue on appeal. *Id*. Accordingly, we find defendant is precluded from challenging as excessive the consecutive nature of his sentences.

## ERROR PATENT REVIEW

The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). As this is defendant's second appeal, the error patent review was limited to his resentencing. We find no errors patent that require corrective action.

## CONCLUSION

Upon review of the record, we find no merit in defendant's assignment of error. Accordingly, we affirm defendant's sentences.

**SENTENCES AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 14, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-508

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          JANE L. BEEBE (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053