MARC E. JOHNSON, Judge.
|2On appeal, Defendant, Ryan K. Williams, requests an error patent review of his conviction for forgery in violation of LSA-R.S. 14:72 and his sentence of nine years imprisonment at hard labor without benefit of probation or suspension of sentence from the 24th Judicial District Court, Division “I.” For the following reasons, Defendant’s conviction and sentence are affirmed, and the matter is remanded to the trial court for correction of the habitual offender bill commitment. Additionally, Defendant’s appellate counsel’s Motion to Withdraw is granted.
On March 16, 2010, the Jefferson Parish District Attorney filed a bill of information charging Defendant with forgery in violation of LSA-R.S. 14:72. Defendant was arraigned on May 27, 2010 and pleaded not guilty. Defendant withdrew this plea and pleaded guilty as charged on August 26, 2010. During the guilty plea colloquy, the State presented a factual basis for the plea by providing that on or about January 19, 2010, Defendant presented a check that was made |spayable to him, which was a forged writing that was drawn on an account entitled “Cruise Shop.” Defendant was sentenced to nine years imprisonment at hard labor. His sentence was ordered to run concurrent with the sentences imposed in 24th Judicial District Court case numbers 10-2854, 10-3852, and 10-4049.
Additionally on August 26, 2010, the State filed a habitual offender bill of information, which alleged Defendant was a second felony offender. Defendant admitted the habitual offender bill allegations. The trial court vacated Defendant’s original sentence and imposed an enhanced sentence of nine years imprisonment at hard labor "without benefit of probation or suspension of sentence. This sentence was ordered to run concurrent with the sentences imposed in case numbers 10-2854, 10-3352, and 10-4049. Defendant’s instant appeal follows.
On appeal, Defendant’s only assignment of error is whether the record reveals error patent such that the conviction and/or sentence should be reversed.
ANDERS BRIEF
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La. App. 4 Cir.1990),[1] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel has requested to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly 14frivoIous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal,” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals *620 to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may deny the motion and order the court-appointed 15attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to be raise on appeal. She sets forth a procedural history of the case and explains that the facts of the case were not sufficiently revealed in the record because Defendant pleaded guilty, and there were no motions heard and transcribed to provide sufficient facts and circumstances surrounding the arrest. Counsel provides that she can find no ruling of the trial court which would arguably support an appeal. In fact, she provides that there were no pre-trial hearings or rulings. She further contends that there was no Crosby plea. Counsel explains that she considered whether to raise the issue of exces-siveness of the sentence and concluded such claim would be frivolous, noting that Defendant was informed as to what his underlying sentence and enhanced sentences would be. She noted that the sentencing range that Defendant faced as a second felony offender was five to twenty years and the nine-year sentence would not be considered constitutionally excessive. She requests that this Court grant her motion to withdraw as counsel of record.
Appellate counsel has filed a motion to withdraw as attorney of record which states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court that would arguably support the appeal. She provides that she notified Defendant of the filing of her motion and has advised him of his right to file a pro se brief in this matter. Additionally, this Court sent Defendant a letter by certified mail, informing him that such a brief had been filed, and that he had until December 15, 2010, to file a pro se supplemental brief. On December 16, 2010, after considering Defendant’s Motion to File a Supplemental Pro-Se Brief, this |f,Court ordered that Defendant had until January 15, 2011, to file a supplemental appellant’s *621 brief in this matter. Defendant failed to file a supplemental pro se brief.
The State filed a response contending that counsel’s brief shows a conscientious and thorough review and recitation of the procedural history of the case, and that she has cast an advocate’s eye over the record and determined that there were no significant, non-frivolous issues upon which to base an appeal. The State agrees that Defendant did not preserve his right to appeal any adverse motion ruling through Crosby and further contends that the record shows there were no adverse motion rulings. The State explains that Defendant initialed and signed an acknowledgement of constitutional rights and waived those rights, including the right to appeal, noting that a guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the guilty plea and precludes review of such defects by appeal or post-conviction relief. The State adds that there are no jurisdictional defects in the proceedings, and notes that appellate counsel does not allege any defects in the proceedings. The State further provides that Defendant waived his rights in court and also signed a waiver of rights form as to the habitual offender bill. Finally, the State contends that Defendant’s sentence is not excessive and defendant was advised of the prescriptive period for filing post-conviction relief. The State concludes that appellate counsel has conformed with and followed the procedures set forth in An-ders and Jyles and should be granted her request to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information in this case properly charged Defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the |7essential facts constituting the offense charged. Also, it sufficiently identifies defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitments, Defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing for the underlying conviction. He also appeared at the habitual offender bill proceedings in which he stipulated to the allegations and was sentenced as a second felony offender. As such, Defendant’s presence does not present any issue that would support an appeal.
Further, Defendant pleaded guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. State v. Schaefer, 97-465, p. 9 (La.App. 5 Cir. 11/25/97); 704 So.2d 300, 304.
The record does not reflect that Defendant filed any pre-trial motions. Therefore, there are no trial court rulings Defendant could have preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
The record does not reveal any irregularities in Defendant’s guilty plea. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124. A guilty plea is ^constitutionally *622 infirm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra. Defendant does not request that his guilty plea be withdrawn in this matter.
The record shows that Defendant was aware he was pleading guilty to forgery. He was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama. Defendant indicated that he understood the rights he was waiving. He indicated that he had not been forced or threatened into pleading guilty.
Defendant was advised that the maximum sentence he could receive for this offense was ten years, and if the plea was accepted he would receive a nine-year sentence at hard labor, which would run concurrent with the sentences imposed in case numbers 10-2854, 10-8352, and 10-4049.
Defendant’s original sentence does not present any issues for appeal. Defendant’s original sentence was vacated, and therefore, even if issues were present, they would be moot. Nevertheless, it is noted that Defendant’s original sentence falls within the sentencing range set forth in LSA-R.S. 14:72. Further, the sentence imposed for the original sentence is in conformity with the plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1178.
13As such, there are no non-frivolous issues that should have been raised on appeal relating to the guilty plea proceedings and the sentencing on the underlying conviction in this case.
By stipulating to the habitual offender bill, Defendant waived his right to a hearing and any possible non-jurisdictional defects were waived. He is barred from asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. See Schaefer, supra. Defendant was advised of the right to a hearing and his right to remain silent at the hearing and indicated that he understood he was waiving these rights with his stipulation.
Further, Defendant was advised of, and indicated he understood, the sentence he would receive if he stipulated to the habitual offender bill. He was advised of the sentencing range he faced as a second felony offender and was told what his sentence would be. After stipulating to the habitual offender bill, a sentence was imposed in conformity with the plea agreement. This Court has consistently recognized that LSA-C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Moore, 06-875, p. 15 (La.App. 5 Cir. 4/11/07); 958 So.2d 36, 46. Because Defendant’s sentence is within the sentencing range [4] and was imposed pursuant to a plea agreement, the enhanced sentence does not present a non-frivolous issue to be raise on appeal.
*623 Based on the foregoing, the proceedings surrounding Defendant’s guilty plea and his original sentence, which has been vacated, do not present any non-frivolous issues to be raised on appeal. Further, the habitual offender proceedings, | mincluding the imposition of Defendant’s enhanced sentence, also do not present any issues to be raised on appeal.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, Defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals the following.
The habitual offender bill commitment reflects that the court found Defendant to be a habitual offender and sentenced him under the habitual offender bill statute. However, this commitment fails to reflect the Defendant’s specific status as a second felony offender.
Since the transcript reflects that Defendant was found to be a second felony offender, we are remanding this matter and instructing the trial court to correct the commitment order to reflect that Defendant was sentenced as a second felony offender. See State v. Evans, 09-477, pp. 22-23 (La.App. 5 Cir. 12/29/09); 30 So.3d 958, 972. Additionally, we direct the trial court to make the entries in the minutes reflecting these changes and direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which Defendant has been sentenced. See LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06); 937 So.2d 846 (per curiam).
InDECREE
For the foregoing reasons, Defendant’s conviction and sentence are affirmed, and the Motion to Withdraw is granted. Additionally, the matter is remanded to the trial court for correction of the habitual offender commitment.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110-11.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. As a second felony offender with an underlying forgery conviction, Defendant faced a possible sentencing range of five to twenty years without benefit of probation or suspension of sentence. See LSA-R.S. 14:72; LSA-R.S. 15:529.1.