815 So.2d 205 (2002)
STATE of Louisiana
v.
Wade A. TYLER.
No. 01-KA-1038.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant D.A., Joseph T. Oubre, Assistant D.A., Jon M. Maestri, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Frank Sloan, Louisiana Appellate Project, Covington, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, Jr., SUSAN M. CHEHARDY and CLARENCE E. McMANUS).
DUFRESNE, Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Wade Tyler, with attempted second degree murder, a violation of LSA-R.S. 14:27.30.1. The matter proceeded to trial before a twelve person jury which found defendant guilty as charged. The trial judge then sentenced defendant to forty years of imprisonment at hard labor.
The state subsequently filed a bill of information pursuant to the provisions of LSA-R.S. 15:529.1, alleging defendant to be a second felony offender. After a hearing, the trial judge found defendant an habitual offender. He then vacated the original sentence of forty years and imposed an enhanced sentence of sixty years without benefit of probation or suspension of sentence. Defendant now appeals, asserting that the sentence imposed is excessive and vindictive.

FACTS
On the morning of January 18, 2001, defendant repeatedly stabbed his girlfriend, Elizabeth Gabriel, in her apartment in Marrero where she resided with her son, daughter, and two grandchildren. Ms. Gabriel testified that she and defendant were arguing about her not having sexual relations with him. Ms. Gabriel told defendant that she wanted to end the relationship and asked him to leave. According to Ms. Gabriel, defendant said he would "put [her] blood all over the apartment" before he would leave. Ms. Gabriel's daughter, Zerika Armand, testified *206 that she heard them arguing and heard defendant say he would kill her mother.
Ms. Gabriel left the bedroom and began cleaning the apartment. Defendant approached her from behind, shoved her into a brick wall, and began stabbing her with a steak knife. Ms. Armand heard her mother calling for her. Ms. Gabriel was lying on the ground holding her neck and the defendant was standing over her stabbing her. When Ms. Armand tried to intervene, defendant stabbed her in the arm. Marie Ambeau, who lived in the apartment complex, heard Ms. Armand screaming for help. When she looked down the stairs, she saw defendant stabbing Ms. Gabriel. She ran inside the apartment and called 911. Meanwhile, Ms. Gabriel ran toward a neighbor's apartment, and defendant continued stabbing her as she fled. Ms. Armand pushed defendant away, and Ms. Gabriel ultimately escaped in the neighbor's apartment. Ms. Armand returned to their apartment to call 911. Thereafter, defendant ran away.
Sergeant Sheryl Blanchard of the Jefferson Parish Sheriff's Office responded to the call and found Ms. Gabriel sitting in the hallway of a neighbor's apartment in a pool of blood. Ms. Gabriel was transported to the emergency room of West Jefferson Medical Center, where Dr. Brian Bourgeois, a general surgeon, treated her injuries. Dr. Bourgeois testified that Ms. Gabriel sustained seven stab wounds, the most serious of which was a wound to her neck. According to Dr. Bourgeois, the knife penetrated her jugular vein and punctured her lung.
Detective David Morales obtained a warrant for defendant's arrest. After defendant was arrested, he gave a statement to Detective Morales in which he said that he was jealous of his girlfriend and that he had gotten rid of the knife. He also said that he stabbed her because he "just was mad."

ASSIGNMENT OF ERROR NUMBER ONE
In his sole assignment of error, defendant asserts that the trial court imposed a vindictive and excessive sentence. Upon his conviction of attempted second degree murder, the trial judge sentenced defendant to forty years at hard labor. The state filed a bill of information alleging defendant to be a second felony offender. Prior to the hearing on the multiple bill, the state offered defendant a sentence of fifty years in exchange for his stipulation to being a second felony offender. However, defendant rejected this offer. The matter proceeded to hearing, at the conclusion of which defendant was found to be a second felony offender. As a second felony offender, defendant faced a sentencing range of twenty-five to one hundred years at hard labor, LSA-R.S. 15:529.1(A)(1)(a); LSA-R.S. 14:30.1; LSA-R.S. 14:27. The trial judge sentenced defendant to a mid-range sentence of sixty years. Defendant now contends that the trial judge acted vindictively by imposing a sixty year sentence. He contends that the trial judge punished him for exercising his right to a hearing by imposing a greater sentence than was offered if he had stipulated to the multiple bill. We find no merit to this argument.
In Bordenkircher v. Hayes, 434 U.S. 357, 363-364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court stated as follows regarding the issue of vindictiveness in the context of plea negotiations:
To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, see North Carolina v. Pearce, supra, [395 U.S. 711] at 738[, 89 S.Ct. 2072, *207 23 L.Ed.2d 656 (1969)] (opinion of Black, J.), and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional." Chaffin v. Stynchcombe, supra, [412 U.S. 17] at 32-33, n. 20[, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973)]. See United States v. Jackson, 390 U.S. 570[, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)]. But in the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.
. . . .
While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"and permissible "attribute of any legitimate system which tolerates and encourages the negotiation of pleas." Chaffin v. Stynchcombe, supra, at 31[, 93 S.Ct. 1977]. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.
The Court then held that the defendant's due process rights were not violated by the "course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." Bordenkircher, 434 U.S. at 365, 98 S.Ct. at 669.
Citing Bordenkircher, this Court, in State v. Henderson, 94-286 (La.App. 5 Cir. 12/14/94), 648 So.2d 974, held that an eighteen year sentence imposed on a defendant who rejected the state's plea bargain offers was not vindictive. In Henderson, the defendant was charged with simple burglary of an inhabited dwelling. Prior to trial, the state had offered defendant a plea bargain wherein he would receive a sentence of six and one-half years and would not be multiple billed if he pled guilty instead of going to trial. Defendant refused, and chose to go to trial, at the conclusion of which he was convicted. After defendant was sentenced, the state decided to file a multiple bill. The state then offered a sentence of fifteen years and would drop two pending criminal charges if the defendant would stipulate to the multiple bill. Defendant again refused, and, after a multiple offender hearing, received an enhanced sentence of eighteen years. This Court concluded that the defendant's sentence was not vindictive, as "defendant chose not to accept the plea bargains offered by the State, thereby taking the risk of a greater penalty upon conviction by a jury." State v. Henderson, 648 So.2d at 978.
In the present case, defendant was advised of the sentencing exposure which he faced as a second felony offender. However, he nonetheless rejected the state's offer of fifty years. Defendant chose to exercise his right to a hearing on the multiple bill, thereby exposing himself to a greater penalty than that offered by the state. Since defendant was given the choice of accepting or rejecting the state's offer, we cannot say that the sentence imposed was vindictive. Nor do we find that the sentence is excessive given that it is in the mid-range of possible penalties. Accordingly, this assigned error is without merit.
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our *208 review reveals no errors which require corrective action. For the reasons set forth herein, we affirm defendant's conviction and sentence.
AFFIRMED.