EDWARD A. DUFRESNE, Jr., Chief Judge.
 

 12This is the second appeal filed by defendant, Deyton Martinez. In this appeal, he challenges the sufficiency of the evidence used to convict him of attempted second degree murder. Defendant further challenges as excessive the ninety-nine year enhanced sentence that was imposed pursuant to the multiple offender proceedings. For the reasons that follow, we affirm defendant’s adjudication and sentence as a second felony offender.
 

 The Jefferson Parish District Attorney charged defendant with one count of attempted second degree murder, a violation of LSA-R.S. 14:27:30.1, and one count of armed robbery, a violation of LSA-R.S. 14:64. The matter proceeded to trial, and after considering the evidence presented, the jury found defendant guilty as charged of attempted second degree murder and not guilty of armed robbery. The court sentenced defendant to forty-nine and one-half years at hard labor without benefit of parole, probation, or suspension of sentence.
 

 On the same day, the State filed a multiple offender bill of information, alleging that defendant was a second felony offender based on a prior Texas | ..¡conviction for misdemeanor theft, a crime which would be a felony if committed in Louisiana. After a hearing, the trial court found defendant was a second felony offender, vacated defendant’s original sentence, and imposed an enhanced sentence of ninety-nine years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
 

 Defendant filed an original appeal in this Court challenging the sufficiency of the evidence used to convict him of attempted second degree murder. He also challenged as excessive his original sentence of forty-nine and one-half years. This Court recently issued an opinion affirming defendant’s conviction and original sentence.
 
 See State v. Martinez,
 
 09-740 (La.App. 5 Cir. 3/23/2010), 38 So.3d 926. Defendant now files this second appeal.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 In his first assigned error, defendant argues that the evidence presented at trial was insufficient to support his conviction of attempted second degree murder. He specifically contends that the State failed to prove the required specific intent to kill. This issue was raised by defendant in his first appeal and was fully addressed by this Court. Accordingly, we will not reconsider the issue of sufficiency of the evidence in this appeal which only involves the multiple bill proceedings.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 In his second assigned error, defendant challenges the sentence imposed as constitutionally excessive. Defendant was convicted of attempted second degree murder; and after found to be a second felony offender, he was sentenced to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence.
 
 See
 
 LSA-R.S. 14:30.1(B), LSA-R.S. 14:27(D)(l)(a), and LSA-R.S. 15:529.1(A)(l)(a). Defendant contends that this sentence, which was one year short of the maximum sentence allowed, was not justified, given that he was not |4the worst type of offender. Defendant argues that the shocking bloodiness of the incident played an exaggerated role in his
 
 *1116
 
 enhanced sentence and notes that the injuries sustained were quite minimal and not life threatening.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. War-mack,
 
 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109. In reviewing a sentence
 
 for
 
 excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Bemj,
 
 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131,
 
 writ denied,
 
 08-1660 (La.4/3/09), 6 So.3d 767.
 

 In imposing the enhanced sentence, the trial judge noted that he considered the sentencing guidelines of LSA-C.Cr.P. art. 894.1. The judge recalled the case, noting that the victim employed defendant and defendant had stabbed him multiple times for no reason and left him to die in the yard. The judge believed this was a heinous, violent offense upon another person and believed any lesser sentence would deprecate the seriousness of the stabbing. Defense counsel objected to the sentence as excessive. Thereafter, the trial judge stated the following:
 

 And the Court considers the sentence, based on the number of times this individual was stabbed after taking him in to work for him, based on the amount of blood I saw in those photographs, and by the Grace of God, him living, there was no doubt as to what Mr. Martinez’s intent was when he stabbed the man multiple times like that. And I don’t find the sentence excessive.
 

 |sWe acknowledge that maximum sentences are generally reserved for the most serious violations and the worst offenders.
 
 State v. Farhood,,
 
 02-490 (La. App. 5 Cir. 3/25/03), 844 So.2d 217, 225. However, a review of the jurisprudence establishes that Louisiana courts have affirmed one hundred year sentences for persons convicted of attempted second degree murder and found to be second felony offenders.
 
 See State v. Hills,
 
 98-0507 (La. App. 4 Cir. 1/20/99), 727 So.2d 1215;
 
 State v. Hall,
 
 606 So.2d 972 (La.App. 3 Cir.1992),
 
 writ denied,
 
 93-0051 (La.11/11/94), 644 So.2d 385; and
 
 State v. Williams,
 
 435 So.2d 1047 (La.App. 5 Cir.1983),
 
 writ denied,,
 
 439 So.2d 1074 (La.1983). A review of Louisiana jurisprudence also shows that lesser sentences have been imposed and affirmed for defendants convicted of attempted second degree murder and subsequently found to be second felony offenders.
 
 See State v. George,
 
 09-143 (La.App. 3 Cir. 10/7/09), 19 So.3d 614;
 
 State v. Tyler,
 
 01-1038 (La.App. 5 Cir. 3/26/02), 815 So.2d 205; and
 
 State v. Snyder,
 
 97-226 (La.App. 5 Cir. 9/30/97), 700 So.2d 1082. After considering the case law and the sentences received for more egregious crimes and criminals, we note that defendant’s ninety-nine year sentence appeal's somewhat high. Nonetheless, we cannot say that the trial court abused its broad sentencing discretion.
 

 The review of sentences under Article I, § 20 of the Louisiana Constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.
 
 State v. Williams,
 
 07-1111 (La.12/7/07), 969
 
 *1117
 
 So.2d 1251,1252. Further, when an appellate court is reviewing a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion.
 
 State v. Walker,
 
 00-3200 (La.10/12/01), 799 So.2d 461, 462.
 

 |fiAs noted by the trial judge, this was an especially violent offense. Defendant stabbed his employer eighteen times in thirteen different locations and then left him to die in the yard. In addition, defendant had a prior conviction for theft.
 
 [1]
 

 Based on the foregoing discussion, we find that the sentence imposed is not excessive and further that the trial court did not abuse its discretion in sentencing defendant. Accordingly, this assigned error is without merit.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
 

 Accordingly, for the reasons set forth herein, defendant’s multiple offender adjudication and sentence are hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Also, according to the record, it appears that the State entered a “Nolle Prosequi” in another case.