FREDERICKA HOMBERG WICKER,. Judge.
|gThis is the second appeal in this matter. Defendant, Larry McClure, was convicted for attempted second degree murder and possession of a firearm by a convicted felon. We affirmed those convictions on his first appeal but vacated defendant’s adjudication as a'multiple offender and the enhanced sentence imposed in connection therewith and remanded for resentencing.[1] On remand, the trial court held a new multiple bill hearing and found that the state met its burden in showing that defendant is a third felony offender.- Pursuant- to the multiple bill, the trial -court vacated the *732 original sentence and resentenced defendant to sixty years at hard labor without benefit of parole, probation, or suspension. In this second appeal, defendant seeks review of his new sentence as excessive. ' For the reasons outlined below, we affirm the sentence.
| ^Procedural Background and Facts
A complete discussion of the procedural background and facts is reflected in our first opinion rendered on November 25, 2014. Relevant to the issues before us on this second appeal, on May 19, 2014, following his conviction of attempted second degree murder of Christopher Evans, in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count one), and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count two), the trial judge sentenced defendant to imprisonment at hard labor for thirty years on count one and imprisonment at hard labor for twenty years on count two. The court ordered that the sentences be served without benefit of parole, probation, or suspension- of sentence and also ordered that they run concurrently.
The State filed a multiple offender bill of information alleging defendant to be a third felony, offender. On May 22, 2014, after a hearing, the trial judge found defendant to be a third felony offender, vacated the. original sentence on count one, and resentenced defendant under the multiple bill statute to imprisonment at hard labor for sixty years without benefit of parole, probation, or suspension of sentence. On defendant’s first appeal, in an error patent review, this Court found that the evidence presented by the State was insufficient to prove that defendant was a third felony .offender. Because more than ten years had elapsed between the commission of the underlying felony offense on May 4, 2010, and the second predicate conviction on December 7, 1999, the State was required to prove the discharge date on the 1999 conviction.. Because nothing in the record showed the date of discharge from State custody, we vacated the multiple offender | ¿adjudication and the en: hanced sentence, allowing the State to retry Mr. McClure as a múltiple offender if it chose to do so.[2]
On February 6, 2015, the State filed another multiple bill alleging defendant tó be a third felony offender. -On March 5, 2015, a multiple bill hearing was held,, after which the trial judge found defendant to be a third felony offender. The trial judge then vacated the enhanced sentence on count one and the original sentence on count two, although they had already been vacated by this Court. She resentenced defendant under the multiple bill statute to imprisonment at hard labor for sixty years on count one. Afterward, defendant orally moved for an appeal and reconsideration of sentence.- On March 16, 2015, defendant filed a timely motion to reconsider sentence that was denied and a timely motion for appeal that was granted.

*733
Law and Analysis

In his sole assigned error on this second appeal, defendant asserts that the trial court erred by continuing to impose an excessive sentence. He argues that the trial judge failed to consider any mitigating circumstances, failed to tailor the sentence to him, and failed to comply with the sentencing requirements of La.C.Cr.P. art 894.1.
The imposition of excessive punishment is prohibited by both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution. State v. Evans, 09-477 (La. App. 5 Cir. 12/29/09), 30 So.3d 958, 966 (citing State v. Lawson, 04-334, p. 6 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622). A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Evans, 09-477 (La.App. 5 Cir. 12/29/09), 30 So.3d 958, 966 (citing State v. Lobato, 603 So.2d 739, 751 (La.1992); Lawson, 04-334 at 6, 885 So.2d at 622). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Evans, supra, at 966.
An appellate court considers three factors in reviewing a trial court’s sentencing -discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Stewart, 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28, writ denied, 04-0449 (La.6/25/04), 876 So.2d 832.
Defendant was convicted of attempted second degree murder in violation of La. R.S. 14:30.1 and La. R.S. 14:27 (count one). Under those articles, the sentencing range was imprisonment at hard labor for not less than.ten nor more than fifty years without benefit of parole, probation, or-suspension of sentence. See La.. R.S. 14:30.1(B); La. R.S. 14:27(D)(l)(a). Defendant was originally sentenced to thirty years imprisonment on count one and was subsequently found to be a third felony offender. La. R.S. 15:529.1 provides that if the third felony is such that upon a first conviction the offender would be' punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction^ As such, defendant was facing an enhanced sentencing range of thirty-three and one-third years to one hundred | ¿years imprisonment. The trial judge resentenced defendant under the multiple bill statute to a sentence of sixty years imprisonment.
The record reflects that-defendant pursued the victim and shot him six times, resulting in substantial injuries to the victim. Defendant had a criminal history, as evidenced by the two prior convictions listed in the multiple bill, namely, theft and simple burglary. Contrary to defendant’s assertions, the trial judge provided three reasons under La.C.Cr.P. art. 894.1 in support of the sentence, that is, a lesser sentence would deprecate the seriousness of the offense, defendant used a dangerous weapon in the commission of the offense, and defendant’s conduct in the commission of this offense manifested a deliberate cruelty to the victim and caused substantial injuries to him. See La.C.Cr.P. art. 8941(A)(3), (B)(1), (B)(10).
In the instant case, defendant was originally sentenced to thirty years imprisonment for his conviction of attempted sec *734 ond degree murder. Thereafter, at the multiply bill hearing, defendant was adjudicated a third felony offender. As a third felony offender, defendant faced a habitual offender sentencing range between thirty-three and one-third years to one hundred years imprisonment. The trial judge re-sentenced defendant under the multiple bill statute to a sentence of sixty years imprisonment. Therefore, defendant’s sentence of sixty years is a midrange sentence.
Reviewing other similar cases, we find the sentence is supported by comparison. Similarly situated defendants who have been convicted of attempted second degree murder and sentenced as multiple felony offenders have received similar or greater sentences. See, State v. Snyder, 97-226 (La.App. 5 Cir. 9/30/97), 700 So.2d 1082, 1090 (fifty years at hard labor for second felony offender not constitutionally excessive where offender, who was on parole, was convicted of attempted second degree murder for firing three shots at the victim in |7a drug-related incident); State v. Tyler, 01-1038 (La.App. 5 Cir. 3/26/02), 815 So.2d 205 (sixty years at hard labor for second felony offender not constitutionally excessive for defendant convicted of attempted second degree murder for stabbing his girlfriend’s daughter and his girl friend seven times); State v. Martinez, 09-1057 (La.App. 5 Cir. 5/25/10), 40 So.3d 1113 (ninety-nine years at hard labor for second felony offender not constitutionally excessive for defendant convicted of attempted second degree murder for stabbing his employer eighteen times and leaving him to die).
The review of sentences under La. Const. Art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case. State v. Williams, 07-1111, p. 1 (La.12/7/07), 969 So.2d 1251,1252. On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether, the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2, (La.10/12/01), 799 So.2d 461, 462.
The mid-range sixty-year sentence does not shock our sense of justice. We find that the sentence imposed is not excessive and further that the trial court did not abuse its broad sentencing discretion in imposing the sixty-year sentence. Accordingly, the assigned error is without merit.

Error Patent Review

Defendant is not entitled to a second error patent review of his underlying convictions and sentences; however, the record on appeal regarding defendant’s multiple offender adjudication and resentencing was reviewed for errors patent. See State v. Long, 12-184, p. 10 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. The review reveals errors patent in this case.

IsAdmit/Deny Hearing

The record does not show that the trial judge held an admit/deny hearing on the multiple bill. There is nothing in the record, however, to show that defendant objected to the trial judge’s failure to apprise him of the allegations. This Court has previously held that a defendant waives his right to admit or deny the allegations in the multiple bill when he proceeds to the multiple bill hearing without objecting. State v. Jerome, 03-126, p. 3 (La.App. 5 Cir. 4/29/03), 845 So.2d 1194, 1196. Therefore, we find that no corrective action is required on this error patent. See State v. Packnett, 03-1446, pp. 8-9 (La.App. 5 Cir. 4/27/04), 873 So.2d 789, 794, writ denied, 04-2559 (La.6/24/05), 904 So.2d 736.

*735
Multiple Offender Rights

The record in this case does not disclose that defendant was advised of his rights prior to the multiple bill hearing. This was in violation of La. R.S. 15:529.1, which requires the trial court to advise a defendant of the allegations contained in the bill of information, his right to a hearing, and his right to remain silent. State v. Haywood, 00-1584, p. 19 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 582. However, the failure of the trial court to advise a defendant of his right to a trial and to remain silent is harmless error when the multiple offender status is established by competent evidence offered by the State at a hearing, rather than by the admission of the defendant. Id. Here, defendant proceeded to the multiple bill hearing, and the State presented competent evidence at the hearing to establish his multiple offender status. Therefore, we find that the trial court’s failure to advise him of the specific allegations against him and of his right to be tried and to remain silent were harmless errors.
| JMultiyle Offender Adjudication
The transcript reflects that after listening to the testimony and considering the evidence at the multiple bill hearing, the trial judge stated, “[w]ith regard to the multiple bill, the Court finds that the State has met its burden in showing that Larry McClure is a Multiple Bill Offender.” However, the trial judge failed to state whether defendant was a third felony offender as alleged in the multiple bill, or whether he was another level of multiple offender. Nevertheless, because the trial judge indicated that her finding was in connection with the multiple bill, the trial judge implicitly found defendant to be a third felony offender since that was what was alleged in the multiple bill. In addition, the commitment reflects that the trial judge found defendant to be a third felony offender. Therefore, we hold that the trial judge found defendant to be a third felony offender since that was what was alleged in the multiple bill.

CONCLUSION

Accordingly, for the reasons provided herein, defendant’s new sentence made at the multiple bill hearing is affirmed.

AFFIRMED

. State v. McClure, 14-520 (La.App. 5 Cir. 11/25/14), 165 So.3d 998, 1005. On his first appeal, we also vacated the sentence imposed for defendant’s conviction for possession of a firearm .by a convicted felon and remanded for resentencing. However, defendant does not challenge the new sentence for that count here. .

. Additionally, this Court found that the trial cohrt imposed anillegal sentence on defendant for his conviction of possession of a firearm by a convicted felon (cqunt two). Originally, defendant had been sentenced on count two to imprisonment at hard labor for twenty years but at the time the offense was committed, on Máy 4, 2010, the peiialty for a violation of La. R.S. 14:95.1 was imprisonment at hard labor for not less than ten nor more than fifteen years and a fine of not less than one thousand dollars nor more than five thousand dollars. As such, this Court vacated the sentence on count two and remanded the matter to the trial court with instructions to resentence defendant in accordance with the sentencing provisions of La. R.S. 14:95.1 at the time of the offense. On remand, the trial judge resentenced Mr. McClure to fifteen years for count two! However, on this second appeal, Mr. McClure does not challenge this sentence.