STATE OF LOUISIANA

VERSUS

JONATHON BROWN

NO. 22-KA-562

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-6214, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

June 21, 2023

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND
TWO AFFIRMED; SENTENCE OF COUNT THREE VACATED;
MATTER REMANDED**
**RAC**
**FHW**
**JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Monique D. Nolan
     Thomas J. Butler
     Laura S. Schneidau
     Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
JONATHON BROWN
     Lieu T. Vo Clark

**CHAISSON, J.**

Defendant, Jonathon Brown, appeals the sentences imposed for his attempted second degree murder and obstruction of justice convictions. For the reasons that follow, we affirm the seventy-year enhanced sentence imposed for defendant's attempted second degree murder conviction; however, we vacate the forty-year sentence resulting from defendant's obstruction of justice conviction and remand the matter for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY

On December 6, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant with attempted second degree murder, in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count one), possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count two), and obstruction of justice, in violation of La. R.S. 14:130.1 (count three). At his arraignment on December 10, 2019, defendant pled not guilty.

On August 22, 2022, the matter proceeded to trial before a twelve-person jury. On August 25, 2022, after considering the evidence presented, the jury unanimously found defendant guilty as charged on all three counts. Defendant filed a motion for new trial, which was denied on September 23, 2022.

Thereafter, the trial court sentenced defendant to fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count one; twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count two; and forty years imprisonment at hard labor on count three. The trial court ordered the sentences to run concurrently with each other.

Immediately after sentencing, the State filed a multiple offender bill of information pursuant to La. R.S. 15:529.1, alleging defendant to be a third felony

22-KA-562                                    1

offender as to the attempted second degree murder conviction (count one). Defendant denied the allegations of the multiple offender bill, and the matter proceeded to a hearing on October 21, 2022. At the conclusion of the hearing, the trial court adjudicated defendant a third felony offender, vacated the original sentence on count one, and sentenced defendant to an enhanced term of seventy years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The trial court ordered defendant's sentence to run concurrently with his original sentences on counts two and three. Defendant filed a motion to reconsider sentence, which was denied.

Defendant now appeals and specifically seeks review of the sentences imposed for his convictions of attempted second degree murder and obstruction of justice.

## FACTS

This case stems from a shooting incident that occurred in the early morning hours of September 3, 2019, at 3J's Bar & Grill located on Lapalco Boulevard in Jefferson Parish. Justin Wade, the owner of the bar and victim of the shooting, and Patrice Savoy, his wife, detailed the encounter at trial.

Ms. Savoy relayed that on September 2, 2019, at around 10:30 or 11:00 p.m., she arrived at the crowded bar and visited with her friend near the front entrance of the establishment. After her friend left, Ms. Savoy was approached by an unknown male who "leaned in" to say something to her. She immediately put up her hand and told him she was married. This man, later identified as Matthew Brown, then slapped her "behind" hard enough to make her stumble.[1] Ms. Savoy called security, but Matthew had already disappeared into the crowd. Feeling uncomfortable, Ms. Savoy proceeded to the back of the bar and ran into Mr. Wade,

---

[1] Since this individual has the same last name as defendant, he will be referred to by his first name, Matthew, throughout this opinion.

who realized she was upset. As they stood talking, Matthew approached and again grabbed Ms. Savoy. Matthew was asked to leave the bar and was escorted outside.

Once outside, Matthew started "going off" on Mr. Wade because he made him leave the bar. Matthew started cursing and then threw a cigarette at Mr. Wade's feet and spit in his face. Thereafter, Mr. Wade punched Matthew, and a physical altercation ensued. At some point, while Matthew was on the ground, Mr. Wade turned around to head back into the bar when shots were fired by a man standing a few feet behind him. Mr. Wade was shot several times and fell to the ground.

Bairn Hartman, one of the security guards on duty, recalled at trial that when he heard the gunshots, he crouched down in order to figure out the direction of the gunfire. Once Mr. Hartman saw a person shooting from the grassy area, he took out his gun and fired back. After the gunfire ceased, the man, who was shooting, ran across Lapalco Boulevard. Mr. Hartman then left in his vehicle because he was scared.

At trial, Mr. Hartman testified that earlier that evening, prior to the shooting, he had an encounter with a group of three men. Mr. Hartman relayed that during a pat-down for entry into the club, he felt a weapon on one of the men and instructed him to put the weapon in his car. The three men then walked off, and upon their return, they were searched again and, when no weapons were found, they were admitted into the bar. Mr. Hartman testified that he recognized the man who was shooting from the grassy area as one of the three men from the earlier pat-down.

Police officers with the Jefferson Parish Sheriff's Office arrived on the scene of the shooting in response to a 9-1-1 call. At trial, Detective Zachary Idrogo testified that upon his arrival, he observed the victim lying on his back in the entrance area with multiple gunshot wounds. When Detective Idrogo asked the victim who shot him, he replied that he did not know the shooter. The officers

secured the scene, took photographs, collected evidence, and tried to locate witnesses as many bystanders were in the area; however, their attempts at finding witnesses were unsuccessful. In the meantime, EMS arrived and transported Mr. Wade to the hospital, where he remained for several months.[2]

During the course of the investigation, Detective Sergeant Keith Dowling, the lead detective, received a photograph taken at 3J's on the night of the incident.[3] He subsequently showed the photograph to the victim and his wife. Ms. Savoy and Mr. Wade identified the third person from the left in the photograph as the person Mr. Wade was fighting with prior to the shooting. Ms. Savoy also identified the second person from the left in the photograph as the shooter[4]. Detective Dowling testified that by using a facial recognition program, the individual in the third position from the left in the photograph was identified as Matthew Brown. Based on this identification, the detective was able to identify two of the other subjects in the photograph as defendant and Victor Brown. Detective Dowling thereafter obtained an arrest warrant for defendant.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assigned error, defendant contends that his forty-year sentence for obstruction of justice is illegally excessive as it exceeds the statutory maximum sentence. We agree.

La. R.S. 14:130.1(B) sets forth the penalty provisions for obstruction of justice and reads, in pertinent part, as follows:

B. Whoever commits the crime of obstruction of justice shall be subject to following penalties:

---

[2] Mr. Wade suffered gunshot wounds to the lungs, liver, kidney, and bladder, as well as a graze wound to his heart. As a result of this shooting, Mr. Wade was paralyzed.

[3] The detective explained that the photograph was taken by a photographer hired by 3J's.

[4] At trial, Mr. Hartman looked at this photograph and identified the person fighting with Mr. Wade and the shooter. He also identified defendant in court as the person he saw shooting and then running across Lapalco Boulevard. Likewise, Ms. Savoy identified defendant in court as the person she saw standing a few feet behind Mr. Wade "with his gun pointed out" shooting.

(1) When the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.

(2) When the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.

In the present case, the trial court sentenced defendant to the maximum sentence of forty years at hard labor under La. R.S. 14:130.1(B)(1). However, the obstruction of justice charge in the instant case did not involve a criminal proceeding in which a sentence of death or life imprisonment could be imposed.[5] Therefore, as acknowledged by the State, the trial court applied the improper penalty provision to defendant for his obstruction of justice conviction. Rather, defendant should have been sentenced pursuant to La. R.S. 14:130.1(B)(2), which provides for a fine of not more than fifty thousand dollars, or imprisonment for not more than twenty years at hard labor, or both.

Pursuant to La. C.Cr.P. art. 882, an appellate court can correct an illegal sentence at any time. However, an appellate court is authorized to correct an illegal sentence when the exercise of sentencing discretion is not involved. *State v. Mason*, 10-284 (La. App. 5 Cir. 1/11/11), 59 So.3d 419, 430, *writ denied*, 11-306 (La. 6/24/11), 64 So.3d 216. Since sentencing discretion is involved in the instant matter, we vacate the forty-year sentence imposed for defendant's obstruction of justice conviction and remand the matter to the trial court for resentencing pursuant to the provisions of La. R.S. 14:130.1(B)(2).

---

[5] As previously stated, defendant was charged with attempted second degree murder, in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count one), and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count two). These offenses are not punishable by a sentence of death or life imprisonment.

## ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE

In his next two assignments of error, defendant contends that his enhanced sentence of seventy years for his attempted second degree murder conviction is unconstitutionally excessive and that the trial court erred in denying his motion to reconsider sentence.

In the present case, defendant was found guilty of attempted second degree murder and was subsequently adjudicated a third felony offender on this count. Based on the applicable sentencing provisions, defendant was exposed to a sentencing range of not less than twenty-five years and not more than one hundred years. *See* La. R.S. 14:30.1, La. R.S. 14:27, and La. R.S. 15:529.1(A)(3).[6] The trial court imposed a sentence of seventy years at hard labor without benefit of parole, probation, or suspension of sentence.

Prior to imposing the enhanced sentence, the trial judge referenced the sentencing guidelines of La. C.Cr.P. art. 894.1 and incorporated the reasons for sentencing set forth at the time of defendant's original sentencing on the attempted second degree murder conviction.[7] In addition, the trial court detailed defendant's criminal history, noting that defendant has four felony convictions and that defendant committed the instant crimes a little more than three months after his release from prison. The trial judge lastly noted, "In sum, as reasons for the Court, there is an undue risk that [defendant] will return to his pattern of criminal activity

---

[6] Pursuant to La. R.S. 14:30.1(B) and La. R.S. 14:27(D)(1)(a), the sentencing range for attempted second degree murder was imprisonment at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence. As a third felony offender pursuant to La. R.S. 15:529.1(A)(3), defendant was subject to a term of imprisonment for not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.

[7] When originally sentencing defendant on September 23, 2022, the trial court carefully considered the sentencing guidelines of La. C.Cr.P. art. 894.1. The judge stated on the record that a sentence of imprisonment was appropriate because there is an undue risk that defendant will commit another crime, defendant is in need of correctional treatment or a custodial environment, and a lesser sentence will deprecate the seriousness of the crime. The trial court further noted that defendant's conduct manifested deliberate cruelty to the victim, that defendant knowingly caused a risk of death or great bodily injury to more than one person, that he used threats of or actual violence in the commission of the offense, that the offense resulted in a significant permanent injury to the victim, and that defendant used a dangerous weapon in the commission of the offense.

upon release from custody; and, furthermore, a lesser sentence would deprecate the seriousness of [defendant's] crime." Defendant objected to the excessive nature of the sentence and filed a motion to reconsider sentence, which was subsequently denied by the trial court.

Defendant now contends that his seventy-year enhanced sentence is excessive and that the trial court erred in denying his motion to reconsider sentence. In arguing that his sentence is excessive, defendant notes his age, lack of violent criminal history, and the fact that the sentence imposed is effectively a life sentence. In response, the State contends that the sentence is not unconstitutionally excessive, noting that the trial court considered the factors set forth in La. C.Cr.P. art. 894.1, the sentence is well within statutory guidelines, and the sentence is not grossly disproportionate considering the nature of the crime.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *State v. Melgar*, 19-540 (La. App. 5 Cir. 4/30/20), 296 So.3d 1107, 1114. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice. *State v. Diaz*, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519, *writ denied*, 21-1967 (La. 4/5/22), 335 So.3d 836.

A trial judge is afforded wide discretion in determining sentences, and an appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); *State v. Melgar*, 296 So.3d at 1114. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. In reviewing a trial

court's sentencing discretion, the reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. *State v. Diaz*, 331 So.3d at 520.

Having considered these factors, we find that the trial court did not abuse its broad discretion in sentencing defendant to seventy years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. With regard to the nature of the crime, the evidence reflects that defendant shot Mr. Wade multiple times and that Mr. Wade suffered tragic consequences from defendant's actions. After he was shot, Mr. Wade fell to the ground and immediately lost all feeling in his leg. The bullets hit Mr. Wade's lungs, liver, kidney, and bladder, and another bullet grazed his heart. Mr. Wade had to stay in the hospital for three months following the shooting and then went to a rehabilitation facility. Mr. Wade is paralyzed as a result of this incident and ultimately had to close his business. In addition, defendant's actions were senseless and unprovoked as he was not the individual involved in the previous altercation with the victim. Further, defendant's dangerous actions of shooting the gun jeopardized the lives of Ms. Savoy, Mr. Hartman, and other individuals located outside and inside the bar.

With regard to the nature and background of the offender, the record reflects that defendant has a criminal history as evidenced by the two prior convictions for possession of a firearm by a convicted felon listed in the multiple bill. In addition, defendant was previously convicted of possession of cocaine. Further, as noted by the trial court, defendant committed the instant offenses a little more than three months after he was released from prison and committed some of the previous offenses while he was on probation or parole.

Lastly, our review of sentences imposed for similar crimes supports our conclusion that the sentence imposed by the trial court was not excessive. In *State v. McClure*, 15-237 (La. App. 5 Cir. 9/23/15), 176 So.3d 730, 733-34, the

defendant was convicted of attempted second degree murder and was sentenced as a third felony offender to sixty years imprisonment. In that case, the record reflected that the defendant pursued the victim and shot him six times, resulting in substantial injuries to the victim. Further, the defendant had a criminal history, including theft and simple burglary. After reviewing similar cases, this Court affirmed defendant's sentence, finding that the mid-range, sixty-year sentence was not excessive and did not "shock our sense of justice."

*See also State v. Tyler*, 01-1038 (La. App. 5 Cir. 3/26/02), 815 So.2d 205 (sixty years at hard labor for second felony offender was not excessive for a defendant convicted of attempted second degree murder for repeatedly stabbing his girlfriend); *State v. Martinez*, 09-1057 (La. App. 5 Cir. 5/25/10), 40 So.3d 1113 (ninety-nine years at hard labor for second felony offender convicted of attempted second degree murder was not excessive, where the defendant stabbed his employer eighteen times and then left him to die in a yard); and *State v. Hills*, 98-507 (La. App. 4 Cir. 1/20/99), 727 So.2d 1215 (one hundred-year sentence imposed upon twenty-year old defendant as a second felony offender for attempted second degree murder was not excessive, where the defendant shot the victim multiple times with a rifle).

In the present case, considering the nature of the crime, the nature and background of defendant, sentences imposed for similar crimes, and the trial court's evaluation of appropriate factors before imposing sentence, we find that defendant's sentence of seventy years is not excessive and that the trial court did not abuse its discretion in imposing such a sentence. Further, we find no error in the trial court's denial of defendant's motion to reconsider sentence.

**ERRORS PATENT REVIEW**

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d

175 (La. App. 5th Cir. 1990). Our review of the record reveals no errors that require corrective action.

Accordingly, for the reasons set forth herein, we affirm defendant's convictions, his multiple offender adjudication, and his sentences on counts one and two; however, we vacate his sentence on count three and remand the matter for further proceedings consistent with this opinion.

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND TWO AFFIRMED; SENTENCE OF COUNT THREE VACATED; MATTER REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 21, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-562**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)       MONIQUE D. NOLAN (APPELLEE)       THOMAS J. BUTLER (APPELLEE)
LIEU T. VO CLARK (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LAURA S. SCHNEIDAU (APPELLEE)
BRITTANY BECKNER (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053